234 S.W.2d 350 (1950)
GREEN
v.
GREEN.
No. 27994.
St. Louis Court of Appeals, Missouri.
November 21, 1950.
R. P. Smith, Cape Girardeau, for appellant.
J. Grant Frye, Cape Girardeau, for respondent.
*351 BENNICK, Judge.
This is an appeal by the defendant father from an order denying his motion to modify a decree of divorce with respect to the maintenance of the two children of the parties.
At the time the decree was rendered, the children, a son and a daughter, were, respectively, thirteen and seventeen years of age.
The court found that plaintiff wife was the innocent and injured party, and then, in conformity with the stipulation of the parties, decreed, among other things, that plaintiff should have the care and custody of the two children, and that defendant should pay her the sum of $1,000 as alimony in gross together with additional alimony of $25 a month and the further sum of $25 a month for the support of the minor children.
It was further provided that such allowances to plaintiff should be in lieu of all the rights that she had or might thereafter have arising out of her marital status, and specifically that she would not claim any rights in the real estate then held or thereafter acquired by defendant; and also that she might retain all personal property, bonds, and money theretofore claimed by defendant which she then had in her possession.
The motion to modify the decree was based upon the fact that the daughter had meanwhile attained her majority, and that the son, although then only seventeen years of age, had theretofore enlisted in the United States Navy, which meant that during the period of his enlistment he was being fully supported by the United States Government.
The motion to modify was overruled; and following an unavailing motion for a new trial, defendant gave notice of appeal, and by subsequent steps has caused the case to be transferred to this court for our review.
Even though the decree was based upon a stipulation of the parties, the terms of the stipulation with respect to the maintenance of the children could in no sense have bound the court in such regard, nor, when adopted into the decree, could they have deprived the court of its authority to modify the decree in that respect upon the showing of changed conditions subsequently arising. Messmer v. Messmer, Mo.App., 222 S.W.2d 521; Hargus v. Hargus, Mo.App., 222 S.W.2d 964; Olson v. Olson, Mo.App., 184 S.W.2d 768; Cervantes v. Cervantes, 239 Mo.App. 932, 203 S.W.2d 143.
If the situation before us is to be considered from the standpoint of defendant's liability for the maintenance of the two children individually, there is no dispute about the fact that any further liability under the decree for the maintenance of the daughter was terminated when the daughter reached her majority. Since the happening of that eventuality the daughter has no longer been a ward of the court, and the court is therefore without authority to require defendant to pay for her further support as an incident to the decree in plaintiff's favor. Schulte v. Schulte, Mo.Sup., 140 S.W.2d 51.
The question consequently resolves itself into one of whether the minor son's enlistment in the navy, and the assumption of his full support by the United States Government, has relieved defendant from any further liability for the son's maintenance during the period of his enlistment. If so, the decree should be modified accordingly; but if not, it will then be necessary to consider plaintiff's contention that it was never intended that the lump sum allowance of $25 a month should be apportioned between the two children so as to require a present readjustment by reason of the daughter's newly acquired status, but that instead it was always the idea that defendant should continue to pay such sum in its entirety until the youngest child had attained his majority.
The primary duty to support his minor children rests upon the father no less after divorce than before the decree was granted, and to this end the statute enjoins the court adjudging a divorce to make such order touching the maintenance of the children as shall be reasonable in view of the circumstances of the parties *352 and the nature of the case. The purpose is that when the custody of a child is awarded to the wife there shall be means available out of which she may initially provide the child's support or else reimburse herself for expenditures advanced out of her own personal funds.
It is thus obvious that the only basis for requiring a father to make payments to his divorced wife for the maintenance of a minor child is that she, having been awarded the child's custody, is expected to provide its actual support. Swenson v. Swenson, Mo.App., 227 S.W.2d 103. But where the child becomes emancipated, either by the voluntary act of the parent responsible for its support, or constructively by the assumption of a status or position inconsistent with subjection to the parent's care and control, not only will the mother herself incur no necessary expense for the child's support, but even the father's primary duty to support the child will likewise be extinguished.
A typical example, as in the case at bar, is where a minor becomes a member of the military establishment of his country. In that event he is brought within the exclusive control of the government, and is emancipated so long as his service continues. Nor does it affect the situation that the mother either may or may not have given her consent to his enlistment, since in either circumstance she is equally relieved from the necessity of incurring further expense on his behalf. In such a case his emancipation is effected by implication of law no less than if it had been brought about by the voluntary act of the parent. Swenson v. Swenson, supra.
Since in the instant case the daughter has attained her majority and the son is presently emancipated as the consequence of his enlistment in the navy, it follows that defendant's further liability is extinguished so long as the present situation continues, and the decree should therefore be modified accordingly. Should the son's enlistment expire short of his majority and he be restored to his former filial relation, it may then be necessary to reconsider what defendant's subsequent liability should be.
The only remaining consideration is whether the court should grant defendant relief by way of modifying the decree when it appears that he is now substantially in arrears in making the payments called for by the decree. Plaintiff testified that he had ceased paying her anything for the daughter's support when the daughter became eighteen years of age in August, 1946, and that he had paid her nothing either in alimony or for the son's support since November, 1948. It was not until June, 1949, that the son had enlisted in the navy. At the time of the trial defendant was residing in Plymouth, Wisconsin.
Plaintiff likens the case to one where the court denies a plaintiff husband the right to proceed with his cause so long as he is in arrears in making payments to his wife which he has been ordered to make pending the litigation, or else imposes upon him the obligation of first submitting to equitable terms as the price of a decree of divorce in his favor. But the situation here is obviously quite different. It is one thing to demand the discharge of an existing liability as a condition to the granting of some relief to which a party may otherwise be entitled, and another thing to insist upon the continuance of a liability for which there can no longer be any authority in law. So long as there was a basis for defendant's obligation to support his children, the decree is subject to enforcement by all lawful means and measures, and the fact that such liability has now ceased to exist does not in any sense relieve defendant from any liability which has already accrued. The only question is one of his further liability in view of changed conditions about which there is no dispute; and since such changed conditions have served to extinguish his further liability, the court has no recourse but to direct a corresponding modification of its decree.
The order overruling the motion to modify should be reversed and the cause remanded with directions to sustain the motion and modify the decree in accordance with the views herein expressed.
ANDERSON, P. J., and McCULLEN, J., concur.