ROBERT C. SHIPLEY, APPELLANT, v. DOROTHY M. SHIPLEY, APPELLEE.

120 N. W. 2d 582

Filed March 29, 1963. No. 35391.

Webb, Kelley, Green & Byam, for appellant.

Frost, Meyers & Farnham and John B. Abbott, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

The plaintiff appeals from an order of the district court for Sarpy County denying a motion to modify and reduce child support in the sum of $250 per month which was awarded in a decree of divorce.

On March 18, 1960, a divorce decree was entered providing for custody of a son, James, 15 years of age at time of the trial, to the plaintiff. Custody of a son, Stephen, 7 years of age at time of the trial, was awarded to the defendant, together with child support in the sum of $250 per month, this amount being stipulated and agreed to by the parties and approved by the decree.

The plaintiff remarried on April 28, 1962, and filed this application for reduction of child support on May 18, 1962. An application for a change, with respect to an allowance of child support, may be made subsequent to a decree of divorce but must be founded upon new facts and circumstances which have arisen subsequent to the entry of the decree. In the absence of such facts and circumstances, the matter will be deemed res judicata. Griess v. Griess, 161 Neb. 1, 71 N. W. 2d 513; Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617;

Morris v. Morris, 137 Neb. 660, 290 N. W. 720.

The evidence in this case consists entirely of plaintiff's testimony. For purposes of clarity, we summarize the plaintiff's testimony insofar as pertinent to any change in conditions subsequent to the decree of divorce as follows:

1. Plaintiff's remarriage. The plaintiff remarried on April 28, 1962. The plaintiff's son, James, of whom he has custody, and the 81-year-old mother of the plaintiff's wife by the remarriage live with them. The record in this case is devoid of testimony as to any circumstances with relation to the new marriage and home that could be considered other than the normal and usual incidents attached to and flowing from the remarriage. We have held that the circumstances surrounding a remarriage by the plaintiff in a divorce case may be considered under some circumstances with relation to the revision of a decree, and we have held that the remarriage of the father, and the normal incidents relating thereto, does not relieve him of the obligations fixed by the decree. Winter v. Winter, 95 Neb. 335, 145 N. W. 709, 50 L. R. A. N. S. 697; Phillips v. Phillips, 162 Neb. 649, 77 N. W. 2d 152. We have directly held that remarriage alone does not justify reduction in child support, and have held that remarriage does not bear directly upon the legal duty of a father to contribute to the support of his minor children by a former marriage. Phillips v. Phillips, *supra*. We feel that two observations are pertinent in this connection. First, the stipulation and the divorce decree in this case contemplated that the plaintiff would have to maintain a suitable and proper home and living conditions for the son, James, of whom he has custody. Second, there is no evidence in the case by which a comparison can be made with relation to the actual circumstances existing as to the plaintiff's expenses at the time of the original decree.

2. Income. Without dispute, the plaintiff's earnings are exactly the same as when he voluntarily en-

tered into the original stipulation and are the same as they were at the time the decree of divorce was entered. He is a major in the Air Force with a gross income of $1,037.58 per month, including base pay of $630, quarters and subsistence allowances of $167.58, and flight pay of $240. The plaintiff's new wife has a net take-home pay of $240 per month. It is reasonably inferable from the record that the total income available for the plaintiff's family expenses has increased.

3. Expenses. The plaintiff testified as to certain expenses that he was presently paying at the time of the hearing approximately 2½ months after his remarriage. He testified that each month he was paying the following amounts: Packers National Bank, $55; Household Finance Company, $44; life insurance on his son, James, $19; gas, oil, tires, and automobile maintenance, $60; cleaning and laundry, $25; bill for jewelry, $25; utility bills, $38; house payment, $80; furniture payment, $55; medical and dental expenses, $15; clothing, $25; food expenses of approximately $100; and various other miscellaneous items, including entertainment, club dues, and membership in the Officers Club in the sum of approximately $50. This testimony contains no comparison with the conditions existing or contemplated at the time of the decree of divorce. Obviously, many of these items, if not all of them, were liabilities and necessary expenses being expended at the time of the original decree. By maximum inference, this evidence does not reach the level of showing either a change in conditions since the time of the decree, or that they were not the natural incidents contemplated and normally flowing from the obligations incidental to the remarriage. As we have pointed out above, the original stipulation and decree also contemplated that the plaintiff would necessarily incur normal obligations as to maintaining a suitable and proper home for the son, James, of whom he has custody. There is no testimony that these expenses incurred during the normal course of his new

family relationship related to any unusual, compelling, or extraordinary necessity arising from his remarriage. In any event, the significant part of the plaintiff's testimony in this respect is that since the time of the decree, *there has been a reduction in his aggregate or total indebtedness.* It is obvious from this that his ability to pay the amount of the award herein has not been reduced. A large portion of the plaintiff's testimony is devoted to an attempt to show a reduction of his income 3 years from now when his retirement becomes effective. He intends and desires to send the older boy, James, who is in his custody, to a college in Texas away from the family home, and also that there may be a possible change in his health due to the necessity of wearing glasses. There is no testimony in this record reflecting any actual change in the health, physical condition, or earning capacity of any of the parties concerned. This testimony as to a possible change in future conditions is not pertinent to this inquiry. It also may be said that these same possibilities were reasonably in contemplation by the parties at the time the plaintiff voluntarily entered into the original stipulation in this case. The trial court permitted this testimony in the record, but properly rejected it as having any bearing upon the conclusion that was reached in the case.

This application was filed immediately after the remarriage of the plaintiff and was heard by the trial court approximately 2½ months later. As we have noted above, the normal incidents and obligations of a remarriage alone will not justify a reduction in child support.

We may summarize the contention of the plaintiff to the effect that we should reconsider, on its merits, the amount of child support fixed in the original decree. Second, that the normal obligations and circumstances of a remarriage of the plaintiff require a reduction in child support. Both of these contentions are without merit. The plaintiff's ability to pay remains undiminished from the time of his original stipulation and agree-

ment and the decree of the court. There has been a reduction in his total indebtedness since the time of the original decree. His expenses are the normal and voluntarily incurred obligations incident to his new family relationship. The record does disclose an entire absence of any proof of new or changed circumstances which would legally justify a consideration of the reduction of the amount of child support voluntarily agreed to at the time of the original decree and approved by the court.

The judgment of the trial court is correct, and it is affirmed.

AFFIRMED.