Myrtle FRENCH, Respondent,

v.

R. C. FRENCH, Appellant.

No. 41038.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 15, 1980.

Theodore S. Schechter, Schechter & Zerman, Clayton, for appellant.

John K. Greider, Clayton, for respondent.

REINHARD, Judge.

Husband appeals from a denial of his motion to quash a writ of sequestration. Husband and wife were divorced in 1976. The decree of dissolution granted custody of their two children, a daughter and a son, to wife and required husband to pay $35 a week for the support of each child. At issue here are the support payments for the daughter.

On October 19, 1977, daughter while unmarried gave birth to a son. She applied to the Division of Family Services for Aid to Families with Dependent Children and received her first payment in December, 1977. At the time of the hearing on the motion to quash, she remained unmarried, attended college, and lived in separate quarters in her mother's home with the child. On July 10, 1978, wife filed a petition for writ of sequestration and claimed that her husband was $320 behind in his child support payments. The writ was issued on July 19, 1978. Husband moved to quash the writ on August 16, 1978. In his motion to quash, he asserted that the judgment had been fully

paid and that his daughter had been emancipated for some time.

After hearing the evidence, the trial judge denied the motion and made a finding that $320 was due before the daughter accepted AFDC payments and concluded that she did not become emancipated by reason of accepting the payments. Husband filed a motion for new trial specifying various grounds for relief and additionally claiming that he had newly discovered evidence. The court permitted husband to present evidence at the hearing on his motion for new trial. Thereafter, the motion was denied.

The record contains the writ of sequestration and motion to quash but fails to include the wife's petition for the writ. Wife's attorney told the court that the basis for the request was that the husband owed $250 prior to September 20, 1977, and $70 from that date to June 30, 1978. Husband did not dispute owing the $320 because he had made no payments since he had learned that his daughter was on AFDC. However, it was his view that his daughter was emancipated, and that this fact terminated further support payments. He relies on Section 452.370(3) RSMo. 1978 which provides that emancipation of the child terminates the child support payments. His sole contention that his daughter is emancipated is based upon her receipt of AFDC payments.

On the issues of emancipation and payment, the husband carried the burden of proof in order to sustain his motion to quash. The court heard the evidence and found against him as to payment and as to emancipation. We have reviewed the evidence and under the standard of review announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we affirm.

■ In view of the contentions made by the husband on the issue of emancipation, we believe a further discussion is necessary. Emancipation involves the relinquishment of parental control and the parents' legal obligation to support the child. *In re Marriage of Heddy*, 535 S.W.2d 276, 279 (Mo.App. 1976). It may be accomplished by express or implied agreement

and it is never presumed. *Id.* at 279. A child becomes emancipated when he marries, *Specking v. Specking*, 528 S.W.2d 448, 451 (Mo.App. 1975); *Meyer v. Meyer*, 493 S.W.2d 42, 46 (Mo.App. 1973); or when he enters the military, *Green v. Green*, 234 S.W.2d 350, 352 (Mo.App. 1950). Under those circumstances, the parent or parents are relieved of their duty to support their child because the child has entered into a new relationship, status, or position, which is inconsistent with control and support of the child by the parent. *Id.* at 352.

■ Here, the daughter has entered into no new relationship which would in any way relieve the father of his primary duty to support her. The government's exclusive control over a minor when he joins the military makes it necessary that the government have the primary duty to support that minor as long as he is in the military service. *Id.* at 352. Here, the daughter's mother, having been awarded custody, is expected to provide the actual support for the child. However, under the divorce decree, the father is required to make payments to the mother for his part of that support. *Id.* The State of Missouri has not assumed the legal responsibility for the daughter's support as does a husband by marriage by contributing to her because she has a child. The state, by making AFDC payments, does not gain any control over the daughter nor any rights to her earnings, nor any other rights or duties in any way inconsistent with the control or support of the child by her parents. Therefore, we conclude the daughter was not emancipated by reason of her accepting AFDC payments.

■ Finally, we consider husband's contention that the court erred in denying his motion for new trial because of newly discovered evidence. The granting of a new trial for newly discovered evidence rests largely in the sound discretion of the trial court. The failure to grant a new trial for that reason will not be overridden by an appellate court unless there is a clear abuse of discretion. *I.——— v. B.———*, 305

S.W.2d 713, 721 (Mo.App. 1957). We have carefully examined husband's motion for new trial, his attached affidavit, and the evidence contained in the transcript. On the record before us, we cannot find that the court abused its discretion in failing to grant defendant a new trial because of his alleged discovery of new evidence.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.