Rockingham
No. 80-375

ALDA F. DINGLEY

v.

ALFRED J. DINGLEY

August 5, 1981

*Robert L. Steuk*, of Exeter, by brief for the plaintiff.

*G. Page Brown, Jr.*, of Exeter, by brief for the defendant.

PER CURIAM. The issue in this case is whether the parties' son, who is a cadet at the United States Air Force Academy and who receives substantial financial assistance therefrom, is "emancipated" for purposes of a divorce decree requiring the defendant to pay the plaintiff child support until the parties' children reach age twenty-one or are emancipated, whichever occurs first. We hold that he is and reverse the trial court's decision in favor of the plaintiff.

The parties were divorced in New York in 1973. The divorce decree ordered the defendant to pay the plaintiff $525 per month in alimony and $300 per month for the support of the parties' three children. The decree expressly provided for the pro rata termination of child support upon each child's attaining age twenty-one or becoming emancipated, whichever occurred first. When the parties' oldest child became twenty-one years of age, the child support payments were reduced to $200 per month.

In June 1979, the parties' second oldest child, then age nineteen, entered the United States Air Force Academy as a cadet. As with all Air Force cadets, he attended the Academy tuition-free. The Air Force also provided him with free room, board, and health care and gave him a monthly stipend of $365 throughout the year.

Upon learning that the second child was attending the Air Force Academy, the defendant concluded that he was entitled to reduce his monthly payments to the plaintiff by $100 on the ground that the child had become emancipated within the meaning of the divorce decree. Because the child support payments were made automatically pursuant to a court-ordered wage assignment, the defendant reduced the alimony payment by $100 monthly to $425 per month.

The plaintiff brought suit in the superior court to recover the alimony arrearage. On July 17, 1980, a Master (*Copadis*, J.) ruled that the child support payments made by wage assignment without any objection by the defendant "cannot be modified retroactively by labeling part of said payment as alimony payments" and that there was a $1,100 alimony arrearage for the previous eleven-

month period during which the defendant had reduced his payments. The master also reduced the defendant's child support obligation by $50 per month for each full month, beginning in September 1980, in which the parties' son was a cadet at the Air Force Academy. The Court (*Contas*, J.) approved the master's recommendations, and the defendant appealed after *Bean*, J., denied the defendant's motion for rehearing.

The defendant contends that his second oldest child became emancipated when he entered the Air Force Academy, that he was thereby relieved of his obligation to support that child at the time of such emancipation, and that the wage assignment of $200 monthly has resulted in a $1,100 overpayment of child support which should be credited toward the $1,100 alimony arrearage. We agree with the defendant's arguments for the following reasons.

Initially, we note that the divorce decree provides for the termination of child support when the children reach age twenty-one or are emancipated. Because the reference to age "would have been superfluous if coming of age had been contemplated within the meaning of emancipation," we must determine, without regard to whether the child has attained the age of majority, whether the child is emancipated. *Walker v. Walker*, 116 N.H. 717, 718, 367 A.2d 211, 212 (1976).

■ ■ The general rule is that a child becomes emancipated when he enters the military, at least for the period of his military service. 67A C.J.S. *Parent and Child* § 8(c) (1978); *e.g.*, *Corbridge v. Corbridge*, 230 Ind. 201, 208, 102 N.E.2d 764, 767 (1952); *French v. French*, 599 S.W.2d 40, 41 (Mo. App. 1980). The rationale underlying this rule is that a minor who joins the armed forces places himself under the control of the government and enters into a new relationship that is inconsistent with the parents' control and support of the child. *Iroquois Iron Co. v. Industrial Com.*, 294 Ill. 106, 109, 128 N.E. 289, 290 (1920); *French v. French supra; Glover v. Glover*, 319 S.W.2d 238, 243–44 (Tenn. App. 1958); 67A C.J.S. *Parent and Child* § 8(c) (1978).

The plaintiff seeks to distinguish the present case from the armed forces cases, arguing that those cases involved actual enlistment or induction into the armed services whereas her son is merely a student at the Air Force Academy and is not unlike any other college student attending school away from home on a scholarship. She asserts that, unlike one who enlists in or is drafted into the military, her son is not engaged in active military service and that her son's relationship to the government arising out of his

attendance at the Air Force Academy is not inconsistent with unemancipated status.

█ This argument overlooks several significant facts. First, 10 U.S.C.A. § 8075(b)(2) specifically defines the "Regular Air Force" as including "the professors, registrar, *and cadets* at the United States Air Force Academy." (Emphasis added.) On the basis of similarly worded statutes relating to the United States Army and Navy, many courts have held that cadets and midshipmen at the United States Military and Naval Academies are members of and serving in the Army and Navy. *United States v. Watson*, 130 U.S. 80, 81–83 (1889); *Minnich v. World War II Serv. Comp. Bd.*, 244 Iowa 715, 718–19, 57 N.W.2d 803, 805 (1953); *The State, ex rel. v. Davis*, 114 Kan. 270, 275–76, 217 P. 905, 908 (1923); *Bandy v. Mickelson*, 73 S.D. 485, 491–92, 44 N.W.2d 341, 344 (1950). Thus, it is clear that, insofar as their legal status is concerned, federal law regards cadets and midshipmen at the Air Force, Military, and Naval Academies as being as much a part of the armed forces as commissioned officers already assigned to permanent duty stations.

█ Furthermore, the obligations to the government that a cadet undertakes and the governmental control to which he subjects himself when he enters the Air Force Academy are fully consistent with emancipated status. A cadet incurs a long-term service obligation in that he must agree to serve as a commissioned officer in the Regular Air Force for at least five years after graduating from the Academy. 10 U.S.C.A. § 9348(a)(2) (Supp. 1981). Cadets are also "trained in the duties of members of the Air Force," 10 U.S.C.A. § 9349(d), and are required to "perform duties at such places and of such type as the President may direct." 10 U.S.C.A. § 9349(a). As a practical matter, many aspects of a cadet's daily life are subject to governmental regulation and supervision.

█ Finally, the extent of financial support by the government that the parties' son enjoys as a result of his status as an Air Force cadet is inconsistent with the parents' support of the child. The parties' son attends the Academy tuition-free, and he receives free room, board, and health care from the Air Force as well as a monthly stipend of $365 throughout the year. Thus, the government provides for practically all of the son's material needs. This degree of financial support and independence arising out of the son's relationship with the government is hardly consonant with unemancipated status.

A contrary conclusion is not compelled by the plaintiff's allegation that she "provides a home" for her son for at least some part of the year when he comes home during his vacation periods. Members of the armed forces often return home while on leave, and yet such temporary visits do not vitiate their status as emancipated. The plaintiff may well make some contributions to her son's support while he is at home. The fact remains, however, that the Air Force's control over and support of the parties' son is primary and extensive.

■ We therefore hold that the parties' son became emancipated at the time he entered the Air Force Academy and that he shall continue to be emancipated so long as he retains his present status as an Air Force cadet. *See Corbridge v. Corbridge*, 230 Ind. at 208, 102 N.E.2d at 767; *Green v. Green*, 234 S.W.2d 350, 352 (Mo. App. 1950). Under the parties' decree of divorce, the defendant has no duty to support his emancipated children. Support payments for this emancipated child were nevertheless made during the eleven-month period in question by reason of the court-ordered wage assignment, and this has produced a $1,100 overpayment of child support. The plaintiff has received the full amount of support to which she is entitled, which is $625 per month, and we see no reason why the child support overpayment should not be credited toward the $1,100 alimony arrearage. *Cf. Griffin v. Avery*, 120 N.H. 783, 787–88, 424 A.2d 175, 177 (1980). Accordingly, the decree below awarding the plaintiff $1,100 plus $265 for travel costs is vacated.

Our ruling, of course, does not preclude the plaintiff from instituting an action in the superior court to revive the defendant's child support obligation in the event that the son's status as an Air Force cadet is terminated and he is "restored to his former filial relation" prior to his twenty-first birthday. *Green v. Green*, 234 S.W.2d at 352.

*Reversed and remanded.*