NUCKOLS, APPELLANT, *v.* NUCKOLS, APPELLEE.

(No. WD-83-19—Decided June 24, 1983.)

*Mr. Robert J. Bahret,* for appellant.
*Mr. Jeffrey R. Twyman,* for appellee.

DOUGLAS, J. This case comes before this court on appeal from judgment of the Wood County Court of Common Pleas, Domestic Relations Division.

This case, which involves a post-divorce motion for the payment of certain medical bills incurred by the parties' daughter, arose as a result of the following circumstances. On February 13, 1969, appellee, Alice R. Nuckols, was granted a divorce from appellant, John T. Nuckols. The parties' separation agreement, which was incorporated into the decree of divorce, provided, in pertinent part, that appellant was to carry hospitalization and medical insurance for the parties' children.

On March 19, 1976, the trial court entered judgment, modifying the foregoing provision as follows:

"It is further ordered that the plain-

tiff [appellant] pay as and for medical, dental, optical and hospital expenses of the minor children, all such expenses in excess of $50.00 during any one year."

On or about December 7, 1981, a hearing was held before a referee of the Wood County Court of Common Pleas, Domestic Relations Division, with regard to various motions made by appellee, including one seeking a determination of appellant's liability for certain medical expenses incurred by two of the parties' children. On January 19, 1983, the referee filed a report and recommendation, finding, in part, that appellant was responsible for the medical expenses of the parties' daughter until her emancipation. The referee further found that the emancipation of the parties' daughter occurred upon her giving birth to her child. Pursuant to those findings, appellant was found liable for medical expenses in the amount of $1,397.87 incurred by the parties' daughter for the delivery of her illegitimate child.

On February 2, 1983, appellant filed objections to the referee's report and recommendations. On March 15, 1983, the trial court approved the referee's report and recommendations.

From that judgment, appellant appeals, presenting the following assignments of error:

"I. The findings of the referee, which were approved and made the findings of the court in its judgment are contrary to law in that they order the appellant to pay medical expenses incurred by his daughter in giving birth to an illegitimate child and, as such, are contrary to the public policy of this state obligating the natural father of the illegitimate child to pay such expenses."

"II. The findings of the referee, which were approved and made the findings of the court in its judgment are contrary to law in that they order the appellant to pay medical expenses incurred by his daughter, in part, after the date of her emancipation."

Prior to considering the merits of the issues raised by this appeal, we note that the trial court's judgment entry of March 15, 1983 consists of a form indicating only whether the trial court approved, modified, or rejected the referee's report and recommendations. We find this form insufficient to demonstrate whether the trial court exercised the independent judgment and consideration necessary for the judgment rendered to be that of the court rather than the referee. See Civ. R. 53(E); *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102; *Ivywood Apts.* v. *Bennett* (1976), 51 Ohio App. 2d 209 [5 O.O.3d 351]; *Logue* v. *Wilson* (1975), 45 Ohio App. 2d 132 [74 O.O. 2d 140].

Notwithstanding the foregoing and in the interest of justice, we shall consider the merits of the issue raised by appellant's assignments of error, to wit: whether the trial court erred in determining that appellant was responsible for the medical expenses incurred by the parties' daughter in childbirth.

Our review of the record reveals a discrepancy with regard to the date of birth of the parties' daughter. Appellant's DR-1 form lists the date of birth as "7/ /64." Appellee's DR-1 form, however, lists the date of birth as "7/10/62." In his appellate brief, appellant states that "[I]t is undisputed that the birth of the illegitimate child was in January of 1981 at a time when Sena was over the age of eighteen; her birthdate being July 10, 1962." Appellee does not contest this statement. Considering the foregoing, we shall assume for purposes of this appeal that the parties' daughter was born on July 10, 1962, as indicated in appellee's DR-1 form and in appellant's brief.

Thus, the parties' daughter was over eighteen at the time she gave birth to her child. R.C. 3109.01, as amended effective January 1, 1974, provides that:

"All persons of the age of eighteen years or more, who are under no legal

disability, are capable of contracting and are of full age for all purposes."

The parties' daughter had, therefore, attained the age of majority as set forth in R.C. 3109.01 prior to giving birth.

In the case *sub judice,* however, the decree of divorce was issued on February 13, 1969, prior to the amendment of R.C. 3109.01. In cases involving pre-1974 support orders, the Ohio Supreme Court has determined that:

"The Act lowering the age of majority in this state to age 18 reveals no intention of the General Assembly that it should apply any way other than prospectively, and R.C. 1.58 specifically requires prospective application.

"For the foregoing reasons, the statutory change in the age of majority can have no application to the subject decretal support obligations, because such change, in and of itself, has no effect upon pre-1974 support decrees." *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1, at 9 [1 O.O.3d 1].

Further, see *Rosenfeld* v. *Rosenfeld* (1976), 47 Ohio St. 2d 12 [1 O.O.3d 3]. Cf. *Ledford* v. *Ledford* (Dec. 31, 1981), Lucas App. No. L-81-171, unreported, in which this court held, in the headnotes, that:

*"Where a pre-1974 support order has been terminated,* R.C. 3109.01, as amended, shall be determinative of the age of majority for purposes of any subsequent support order entered in the case after January 1, 1974." (Emphasis added.)

Thus, pursuant to the Ohio Supreme Court's decision in *Nokes, supra,* appellant remained responsible for the medical bills of the parties' daughter until she attained the age of twenty-one or became emancipated.

Our review of the record discloses that the trial court determined that emancipation of the parties' daughter occurred upon her giving birth to her child. The record further discloses that the parties' daughter was eighteen years old at the time of the delivery of her child. Upon consideration of the facts and circumstances of this case, as disclosed in the record, we find that the trial court properly determined that the parties' daughter, having attained the age of eighteen, became emancipated upon giving birth to her child.

In his first assignment of error, however, appellant contends that the trial court erred in holding appellant responsible for his daughter's medical bills for the reason that the natural father of the illegitimate child was obligated, pursuant to the public policy of this state, to pay such expenses. We find appellant's argument unpersuasive.

In accordance with the decretal support order as modified, appellant was responsible for all "* * * medical, dental, optical and hospital expenses of the minor children * * * in excess of $50.00 during any one year." Upon consideration of the foregoing order, we find no basis for distinguishing between such medical expenses according to the nature of the condition treated. For that reason, we find appellant's first assignment of error not well-taken.

In his second assignment of error, appellant contends that the trial court, having determined that emancipation occurred upon the parties' daughter giving birth to her child, erred in holding appellant responsible for that portion of the medical bills incurred by appellant's daughter after delivery.

Our review of the record reveals the following pertinent information. Appellant never clearly raised this issue to the trial court, stating in his objections to the referee's report and recommendations only that, "[t]he referee finds that the minor child is emancipated occurring upon the birth of her child, but yet awards the entirety of the hospital bill including the four (4) days following birth to the defendant alleging that it is *'extraordinary medical expenses' of the child as opposed to the grandchild."* (Emphasis added.) The record clearly demonstrates,

however, that appellant was never ordered to pay any medical expenses itemized as those of his grandchild. Further, the record is devoid of any evidence itemizing the expenses of appellant's daughter so as to permit the trial court to differentiate between the pre-delivery and post-delivery expenses of the parties' daughter.

Upon consideration of the foregoing, we find that appellant's second assignment of error could be determined solely upon those grounds. See *Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41 [70 O.O.2d 123], particularly at 43. More importantly, however, we find that even where emancipation has been determined to have occurred upon the delivery of a child, the medical expenses incurred in delivering the child include all reasonable post-delivery expenses incident to giving birth such as a reasonable period of hospitalization after delivery.

For the foregoing reasons, we find appellant's second assignment of error not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed.

This cause is remanded to said court for execution of judgment and assessment of costs. Costs to appellant.

*Judgment affirmed.*

HANDWORK, J., concurs.

CONNORS, P.J., dissents.