JEAN M. WULFF, ALSO KNOWN AS JEAN M. TIERNEY, APPELLEE, V.
STEVEN J. WULFF, APPELLANT.

500 N.W.2d 845

Filed June 11, 1993.    No. S-91-292.

S. Caporale for appellant.

Jean M. Wulff, pro se.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

HASTINGS, C.J.

The respondent, Steven J. Wulff, has appealed the March 5, 1991, order of the district court entered upon motion of the petitioner, Jean M. Wulff, also known as Jean M. Tierney, which order modified a dissolution decree as previously modified in earlier proceedings.

Although the original decree is not contained in the record, according to an affidavit filed by the respondent, a decree of dissolution was entered by the district court on December 30, 1988. That decree provided that the care and custody of the couple's two minor children be placed with the petitioner and ordered the respondent to pay child support.

On March 5, 1990, the respondent filed a motion to terminate child support. He asserted that since the entry of the decree the parties' elder daughter had become emancipated and no longer lived with the petitioner and that the younger daughter was currently residing with the respondent. It also appears in the record that the elder daughter had moved in with her boyfriend and later gave birth to a baby. A modification of decree was entered by the district court on April 11, which found that custody of the parties' younger minor child should

be granted to the respondent and ordered the petitioner to pay child support of $250 per month for her benefit. It was further ordered that "the parties' oldest child, [name of child], has become emancipated by reason of her moving out of the home and living independently; that the child support obligation for that child shall cease as of April 1, 1990."

The petitioner filed an application to modify the decree on August 31, 1990, asserting that the elder child had moved back into the petitioner's home and that "it would be in the best interests of both minor children if neither party were to pay child support to the other as both parties currently have one child residing with them." A hearing was held on the application to modify on December 13. On March 5, 1991, the district court found that "as of the date of the Application for Modification, the [elder] minor child, [name of child], was not emancipated," and ordered the respondent to pay child support as of the first day of each month after the date of the application for modification, until and including December 1, 1990.

The petitioner adduced evidence that since her daughter had moved back into the petitioner's home, the petitioner had been providing her with board and room and was also helping her daughter with some of the expenses of her baby. The petitioner also agrees that she has not been paying child support to the respondent for the benefit of her younger daughter since she filed the current application for modification and is $1,000 in arrears because of failure to make the September, October, November, and December payments. The evidence discloses that the elder daughter would reach the age of majority, 19 years, on December 24, 1990, the year in which the present hearing was held.

The order of the district court from which this appeal is taken decreed that as of the date of application for modification which was filed on August 31, 1990, the parties' minor child, who had been found emancipated by order of the court on April 11, 1990, was not now emancipated.

The respondent's assignments of error may be consolidated into claims that the court erred (1) in finding that the order which had declared the child emancipated was not res judicata, (2) in failing to find that once a child has become emancipated

that status cannot be changed, (3) in failing to find that a minor's having a baby out of wedlock is a substantial act which emancipates that minor child, and (4) in modifying the decree as to child support retroactively to the date of filing the application rather than prospectively. We affirm.

The respondent also asserts that the district court erred in not sustaining his demurrer ore tenus at the commencement of trial, but does not discuss this assignment of error in his brief. This court will not consider assignments of error which are not discussed in the brief. *Yamada v. Gering Nat. Bank & Trust Co.*, 242 Neb. 834, 497 N.W.2d 1 (1993); *Schlup v. Auburn Needleworks*, 239 Neb. 854, 479 N.W.2d 440 (1992).

Regarding the claim of res judicata, full and complete general jurisdiction over child custody and support is vested in the district court in which a petition for dissolution is properly filed. See *Smith v. Smith*, 242 Neb. 812, 497 N.W.2d 44 (1993). A decree in a divorce case, insofar as minor children are concerned, is never final in the sense that it cannot be changed. *Bartlett v. Bartlett*, 193 Neb. 76, 225 N.W.2d 413 (1975).

Modification of an award of child support is not justified unless the applicant proves that a material change in circumstances has occurred since the entry of the decree or a previous modification. *Czaplewski v. Czaplewski*, 240 Neb. 629, 483 N.W.2d 751 (1992); *Empfield v. Empfield*, 229 Neb. 83, 425 N.W.2d 334 (1988).

It is true that in the absence of proof of new facts and circumstances arising since the time of the original decree, an allowance of child support therein will be deemed res judicata. *Shipley v. Shipley*, 175 Neb. 119, 120 N.W.2d 582 (1963).

While the respondent concedes that an order for custody or support is not res judicata where there has been a material change in circumstances, he contends that the district court erred in treating this case as a question of custody or support, rather than as a question of emancipation. He further asserts, in essence, that the district court lacked authority to find that the emancipation had been revoked or rescinded. However, under the above-cited authorities, it is clear that a district court has broad discretion in dealing with matters which affect the care and custody of a minor child. Where issues of child

support and emancipation are integrated, a district court must have the authority to adjudicate both. Cf. *Farmer v. Farmer*, 200 Neb. 308, 263 N.W.2d 664 (1978) (although no paternity action had been brought against the respondent within the time provided by statute, where issue of paternity touched upon minor child's support and future welfare, district court had jurisdiction in action for modification to determine whether respondent was the natural father of the child).

As noted in *Shipley*, an allowance of child support is deemed res judicata in the absence of new facts and circumstances which would justify the modification of the award. However, a child's status as an emancipated or unemancipated minor is necessarily at issue where the district court finds a material change in circumstances which would justify modification of child support. Thus, in the context of an action for modification of child support, the determination of a child's status as an emancipated minor is not res judicata.

In *Wadoz v. United Nat. Indemnity Co.*, 274 Wis. 383, 80 N.W.2d 262 (1957), the Supreme Court of Wisconsin discussed the question of whether a minor's emancipation had been rescinded in the context of a negligence action brought by the parents against a daughter who had left the parental home to enter a convent but had later returned, noting that

> [t]o emancipate means to free or release a child from the parental power, making the person released *sui juris.* . . . "Emancipation," as the term is used in the law of parent and child, means the freeing of the child for the period of its minority from the care, custody, control, and service of its parents. . . . Emancipation of a minor may be partial or complete, express or implied. . . . Complete emancipation gives to the minor his time and earnings and does away with the parent's right of custody and control. . . . The child may be emancipated for the balance of its minority or for a shorter period, and conditionally or unconditionally. . . . Emancipation occurs where the parent renounces all the legal duties and voluntarily surrenders all the legal rights of his position to the child or to others. In determining whether a child has been emancipated, the intention of the parent governs. . . .

Whether a child has been emancipated must be determined largely on the peculiar facts and circumstances of each case, and therefore is ordinarily a question for the jury. . . . Whether there has been an emancipation is a question of fact, but what is emancipation is a question of law.

(Citations omitted.) *Id.* at 388-89, 80 N.W.2d at 265.

The Wisconsin court further noted that under the law of that state, there could be a mutual resumption of the filial relationship and a return to the status of an unemancipated minor. Although the plaintiffs' counsel in that case had cited authority to support the proposition that emancipation could not be revoked, the court found that in the cases cited by the plaintiffs, either the effort to rescind emancipation had been unilateral or the rights of the minors or third persons acquired during emancipation would have been prejudiced without their consent. The court concluded that "[n]o authorities are cited which indicate that mutual rescission of emancipation is forbidden." *Id.* at 392, 80 N.W.2d at 267.

In *Vaupel v. Bellach*, 261 Iowa 376, 154 N.W.2d 149 (1967), in which the plaintiff brought an action for contribution against a child following judgment against the plaintiff for personal injuries received by that child's mother while she was riding in an automobile driven by her child, the Supreme Court of Iowa similarly found that "[e]mancipation is not necessarily a continuing status, even if once established, it may be terminated at anytime during the child's minority." *Id.* at 380, 154 N.W.2d at 151.

We agree with that proposition. Thus, it was appropriate under the circumstances of this case for the district court to determine as a question of fact whether the child's emancipation had been rescinded as a result of the change in circumstances.

The respondent next contends that a minor child's giving birth and becoming a parent results in emancipation of the minor child. While Neb. Rev. Stat. § 43-2101 (Reissue 1988) provides that "[a]ll persons under nineteen years of age are declared to be minors, but in case any person marries under the age of nineteen years, his or her minority ends," there is no

provision which provides that a minor is irrevocably emancipated by the act of giving birth.

The respondent argues that *Nuckols v. Nuckols*, 12 Ohio App. 3d 94, 467 N.E.2d 259 (1983), is analogous to the instant case. In *Nuckols*, the court found that a parent's responsibility for medical expenses, pursuant to a child support order which had been modified after the effective date of a statute lowering the age of majority to 18, extended until the children reached the age of 21 or became emancipated. The court concluded that upon consideration of the facts and circumstances disclosed in the record, "the trial court properly determined that the parties' daughter, having attained the age of eighteen, became emancipated upon giving birth to her child." *Id*. at 96, 467 N.E.2d at 262. It is not evident from the opinion what other facts and circumstances in the record affected the determination that the daughter had become emancipated upon giving birth.

However, other jurisdictions have found that becoming a parent is not sufficient by itself to result in emancipation. See, e.g., *Griffin v. Griffin*, 384 Pa. Super. 188, 558 A.2d 75 (1989) (in state whose child support statutes do not limit child support to minor children, college student who has had child should not, for that reason alone, be treated differently for purposes of child support for educational expenses from college student who has not had a child); *Doerrfeld v. Konz*, 524 So. 2d 1115 (Fla. App. 1988) (minor child's giving birth and becoming parent was not on its own sufficient to result in emancipation); *In re Marriage of Clay*, 670 P.2d 31 (Colo. App. 1983) (daughter who was dependent upon mother for financial support, had not established own residence, and was not married to or receiving support from father of her child was not emancipated); *Hicks v. Fulton County Department of Family & Children Services*, 155 Ga. App. 1, 270 S.E.2d 254 (1980) (fact that minor abandoned her father's home and bore an illegitimate child did not establish that child had emancipated herself); *French v. French*, 599 S.W.2d 40 (Mo. App. 1980) (daughter's receipt of payments for aid to families with dependent children following birth of her child did not emancipate her).

In *French*, the court noted that emancipation

may be accomplished by express or implied agreement and it is never presumed. . . . A child becomes emancipated when he marries . . . or when he enters the military . . . . Under those circumstances, the parent or parents are relieved of their duty to support their child because the child has entered into a new relationship, status, or position, which is inconsistent with control and support of the child by the parent.

(Citations omitted.) *Id*. at 41.

Thus, giving birth may be one factor to be considered in the determination of whether a minor has achieved a new status or position inconsistent with parental control, but should not alone be dispositive. The district court did not err in failing to find that a minor child becomes emancipated by giving birth to a child.

As his final assignment of error, the respondent asserts that the court erred in making the modified decree retroactive, rather than prospective.

The general rule in Nebraska has been to allow a modification of a child support order prospectively from the time of the modification order itself. *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991).

When a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, such payments become vested in the payee as they accrue. Generally, the courts are without authority to reduce the amounts of such accrued payments. *Maddux, supra*.

Upon occasion, depending on the equities involved, this court has approved modification of a child support order retroactive to the filing date of the application for modification. *Maddux, supra*.

Although the district court had found in its order of April 11, 1990, that the elder daughter had "become emancipated by reason of her moving out of her home and living independently," it is evident from the record that she was not self-supporting even at that time and that whatever support she had received from her boyfriend and his mother had since ceased. In its order of March 5, 1991, the district court found

upon consideration of the evidence that as of the date of application for modification, August 31, 1990, the daughter was not emancipated. The testimony adduced at the hearing is consistent with a finding of the child's continuing dependence on the support of her parents. Quoting Annot., 98 A.L.R.3d 334 (1980), this court noted in *Accent Service Co., Inc. v. Ebsen*, 209 Neb. 94, 96, 306 N.W.2d 575, 576 (1981), that

> "even in the absence of statute, parents are under a legal as well as a moral obligation to support, maintain, and care for their children, the basis of such a duty resting not only upon the fact of the parent-child relationship, but also upon the interest of the state as parens patriae of children and of the community at large in preventing them from becoming a public burden. . . ."

While the change in circumstances supports the conclusion that the child was not emancipated and that petitioner would be entitled to child support, as noted above, the general rule in Nebraska is to allow modification of a child support order prospectively from the time of the modification order itself. However, the district court's order of March 5, 1991, ordered the respondent to pay child support beginning with the first day of each month following the date of application for modification up to and including December 1, 1990. Although the district court did not cancel or reduce accrued payments due to the respondent from the petitioner, it did order any child support arrearage on the part of the petitioner to be credited to the child support obligation of the respondent.

Modification of child support is an issue entrusted to the discretion of the trial court. Appellate review of such issues is de novo on the record, but absent an abuse of discretion by the trial court, its decision will be affirmed on appeal. *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991); *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Pendleton v. Pendleton*,

242 Neb. 675, 496 N.W.2d 499 (1993); *Uhing v. Uhing*, 241 Neb. 368, 488 N.W.2d 366 (1992).

The record reflects that the elder daughter was dependent on her parents for support as of the date of application for modification and that the petitioner was continuing to make payments for medical expenses both related to and unrelated to the birth of the daughter's child. As previously stated, the elder daughter attained the age of majority on December 24, 1990. Under these circumstances, the district court did not abuse its discretion in ordering child support payments retroactive to the filing date of the application for modification, until and including December 1, 1990.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

CAPORALE, J., not participating.