MARK STEVEN FOXVOG, APPELLANT, V. DONNA ANN FOXVOG, ALSO KNOWN AS MADONNA JEAN FOXVOG, PRESENTLY KNOWN AS MADONNA PARSONS, APPELLEE, AND STATE OF NEBRASKA, INTERVENOR-APPELLEE.

578 N.W.2d 916

Filed May 26, 1998.     No. A-97-177.

Matthew Stuart Higgins, of Cohen, Vacanti & Higgins, for appellant.

Kate D. Becker for appellee.

Michelle Peters, of Child Support Services of Nebraska, for intervenor-appellee.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

HANNON, Judge.

This is an action for the modification of a divorce decree concerning child support. Mark Steven Foxvog and Donna Ann Foxvog were divorced in 1985, Donna was awarded custody of the couple's two daughters, and Mark was ordered to pay child support. On March 31, 1995, the State of Nebraska filed a petition for modification through intervention, requesting that Mark's child support obligation be increased to conform with the Nebraska Child Support Guidelines. Mark filed a cross-petition, alleging that his two children were not living with their mother, but, rather, with their stepfather, James Parsons. Essentially, Mark argued the children were emancipated, which constituted a material change in circumstances necessitating the cancellation of his child support obligations. We find the trial court did not err in determining the children were not emancipated, and we therefore affirm the court's judgment.

## FACTUAL BACKGROUND

The parties were married on August 26, 1977, and divorced on February 1, 1985. Two children were born of the marriage: Melissa, born August 31, 1977, and Michaela, born August 23, 1979. In the original decree, Donna was awarded custody of both children, and Mark was awarded reasonable visitation and ordered to pay child support in the amount of $100 a month for each child from February 1, 1985, until January 1, 1986. The court ordered Mark to pay $150 per month per child from February 1, 1986, until each child reached the age of majority,

died, married, became self-supporting, or until further order of the court.

In 1986, Donna married Parsons. In 1994, Donna and Parsons separated, and Donna has maintained a separate household since that time. Donna and Parsons have not obtained a divorce because of religious reasons. At trial, Mark submitted exhibit 1, which shows that Melissa resided with Parsons alone from March 1994 to June 1995 and that Michaela resided with Parsons alone from March 1994 until trial. Donna testified that this living arrangement allowed Melissa and Michaela to continue attending Omaha South High School. Additional facts will be discussed later in this opinion.

On March 31, 1995, the State of Nebraska filed a petition for modification through intervention. The State requested that Mark's child support obligation be increased to conform with the Nebraska Child Support Guidelines.

On May 11, 1995, Mark filed an answer praying that the State's petition be denied and dismissed and that the court award him reasonable attorney fees and other equitable relief. On July 19, 1995, Mark filed a cross-petition, alleging that the minor children were no longer in the physical possession of their mother or that they were in her possession to such a minimal extent that to have him pay child support to Donna would be unjust and inequitable. Specifically, Mark alleged that his daughter Michaela told him that she no longer lived with her mother and that her sister Melissa lived with Parsons until May 1995. Mark alleged that such living arrangements constituted a significant change of circumstances, such that his child support obligation should be terminated.

On August 17, 1995, Donna filed a reply, denying the children were not in her physical presence and denying that a significant change in circumstances had occurred to justify terminating Mark's child support obligation. The reply also states:

> Respondent further states as an affirmative defense that the February 8, 1985 Decree ordering child support provides that such support shall be payable until each child reaches the age of majority under Nebraska law, dies, marries, becomes self-supporting or until further order. Petition has not alleged any of these events.

On February 2, 1996, Mark filed an amended cross-petition, alleging that both daughters were factually emancipated. Mark alleged that a significant change in circumstances had occurred and that his child support obligations should be terminated for the children that "the Court deems emancipated." Mark also prayed that the court give him credit for the child support paid when the children were not in Donna's care.

At trial, the court found that exhibit 1 was an accurate description of the principal residence of each child for the periods of time stated on the exhibit. The court found credible Donna's testimony that at the time of separation, both girls wanted to live in South Omaha. The court also found that both children would have quit school had they not been allowed to attend Omaha South High School. The court found that Donna maintained virtually daily contact with Michaela and Melissa and had primary control over both children. The court also found that Donna had primary financial responsibility for and control over both children.

With respect to emancipation, the court stated, "[T]here is no estrangement here between the children and either of their parents. More to the point, there is no doubt that Donna has continued to be financially responsible for them, albeit with some unique living arrangements." The court held that its factual conclusion was that Michaela had not become emancipated as of the time of trial and that Melissa had reached the age of majority on August 31, 1996.

The court found that Mark's child support obligation should be modified retroactively to April 1, 1995, which is the month after the filing of the State's application to modify. The court also found that because the Nebraska Child Support Guidelines were changed effective January 1, 1996, there should be a separate computation for 1995 for two children and a separate computation for 1996 for two children until August 31, 1996. The court also held that because Melissa reached the age of majority on August 31, 1996, there should be a separate computation of child support for Michaela alone from and after September 1, 1996.

The court ordered Mark to pay $380 per month for both children from April 1 until December 31, 1995. From January 1 until August 31, 1996, Mark was ordered to pay $340 per month

for both children. After September 1, 1996, Mark was ordered to pay $277 per month for one child until she reaches the age of majority, becomes emancipated, dies, or until further order of the court. The court ordered Mark be given credit for any amounts paid during any of these periods. Mark filed a timely appeal to this court.

## ASSIGNMENTS OF ERROR

Mark claims the lower court erred (1) in determining the children were not factually emancipated for any period of time and (2) in finding his child support obligation should not be terminated as a result of the finding that the parties' children were not factually emancipated.

## STANDARD OF REVIEW

Modification of a dissolution decree, child visitation, and amount of child support are matters initially entrusted to the discretion of the trial court, whose decisions are to be reviewed on appeal de novo on the record and will be affirmed absent an abuse of discretion. *Smith-Helstrom v. Yonker*, 253 Neb. 189, 569 N.W.2d 243 (1997).

An abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Jirkovsky v. Jirkovsky*, 247 Neb. 141, 525 N.W.2d 615 (1995).

## ANALYSIS

The Nebraska Supreme Court has stated that whether there has been an emancipation is a question of fact, but what is emancipation is a question of law. *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993). Thus, we begin by discussing what constitutes emancipation. In *Wulff*, the Nebraska Supreme Court cited the following definitions:

> "[T]o emancipate means to free or release a child from the parental power, making the person released *sui juris*. . . . 'Emancipation,' as the term is used in the law of parent and child, means the freeing of the child for the period of

its minority from the care, custody, control, and service of its parents. . . . Complete emancipation gives to the minor his time and earnings and does away with the parent's right of custody and control. . . . Emancipation occurs where the parent renounces all the legal duties and voluntarily surrenders all the legal rights of his position to the child or to others. In determining whether a child has been emancipated, the intention of the parent governs. . . ."

*Id.* at 620, 500 N.W.2d at 849-50. With these definitions in mind, we turn to whether the trial court abused its discretion in finding neither daughter was emancipated.

Mark argues that "[t]he children should be determined to be emancipated during the above described dates because they were no longer under the custody, care or control of the [sic] Ms. Parsons." Brief for appellant at 16. However, the evidence adduced at trial plainly contradicts this argument. At trial, Donna testified that although Melissa and Michaela spent the week with Parsons, she would see them frequently, if not daily, during the week and on weekends. Donna testified that she disciplined the children by setting a curfew and requiring them to maintain good grades. Donna testified that she purchased food for the children, took care of their medical needs, and made decisions with respect to which school they would attend and where they would live. Donna also testified that school attendance was the only reason for her children's living with Parsons. Donna testified:

[T]hey [Michaela and Melissa] have always lived in South Omaha, more or less. . . . All their friends are down there and they would rather be with their friends. And, you know, I say that they — they probably would quit school if they couldn't go to the school they wanted, because they have no friends out there in that school.

In addition, Donna testified that neither child was financially independent and that both children were always living with Donna or Parsons.

In sum, the evidence fails to establish either child was "'free[d] . . . from the care, custody, control, and service of its parents,'" nor can we say that Donna "'renounc[ed her] legal duties and voluntarily surrender[ed] all the legal rights'" to her

children. See *Wulff v. Wulff*, 243 Neb. at 620, 500 N.W.2d at 850. We note that Mark is not seeking custody, but merely to be relieved of the duty of supporting his children. In any event, we cannot say the trial court abused its discretion in finding neither child was emancipated.

Any discussion of Mark's second assignment of error concerning child support for the allegedly emancipated periods is unnecessary, as we have determined neither child was emancipated. The judgment of the lower court is affirmed.

AFFIRMED.