KOLLEEN ANN HOOVER, APPELLEE, V. LYNN EDMUND HOOVER, APPELLANT.

508 N.W.2d 316

Filed November 16, 1993.   No. A-92-300.

Richard D. Stafford, of Brogan & Stafford, P.C., for appellant.

Jan L. Einspahr, of Hutton, Freese & Einspahr, P.C., for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

WRIGHT, Judge.

Lynn Edmund Hoover appeals the order of the district court which modified an existing stipulation for child support and required him to pay $214 per month in child support and $4,561 in payment for unreimbursed expenses incurred by his ex-wife, Kolleen Ann Hoover, for medical treatment of their minor child.

## SCOPE OF REVIEW

■ Modification of child support is an issue entrusted to the discretion of the trial court. Appellate review of such issues is de novo on the record, but absent an abuse of discretion by the trial court, its decision will be affirmed on appeal. *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993).

## FACTS

Kolleen and Lynn were divorced on July 31, 1980. A joint application to modify the decree was filed on November 19, 1982, in which the parties agreed that Lynn's child support

obligation would be terminated and that Lynn would transfer his interest in the family residence to Kolleen in lieu of all back and future child support. The court entered an order modifying the decree to conform with the parties' stipulation.

On May 22, 1991, Kolleen filed an application to modify the decree. She alleged that there had been a material change of circumstances in that the minor child had incurred extraordinary and exceptional medical expenses for treatment of an attention deficit disorder which required medication, tutoring, and extensive counseling. She alleged that she provided health insurance for the minor, but she had incurred medical expenses which were not covered by her insurance. Her amended request asked the court for an order requiring Lynn to pay one-half of the unreimbursed expenses and to pay child support according to the Nebraska Child Support Guidelines. The district court entered an order of modification, finding that there had been a material change of circumstances based on the diagnosis that the minor child has attention deficit disorder and finding that there had been attendant medical, psychiatric, psychological, and educational expenses incurred since the 1982 modification.

The court also found a material change of circumstances resulting from Lynn's employment and from the adoption of the Nebraska Child Support Guidelines subsequent to the order of support. The court ordered Lynn to pay child support of $214 per month commencing February 1, 1992, until the minor child reaches the age of majority, and to pay $4,561 to Kolleen, which represented 35 percent of the total of the unreimbursed expenses. Lynn was given 36 months to pay the amount, after which interest would begin to accrue on the unpaid balance.

Lynn appeals, assigning as error the order requiring him to pay unreimbursed expenses incurred by Kolleen between the entry of the order terminating his child support obligation and the filing of the application for modification, and requiring him to pay child support after an earlier stipulation which provided that Lynn would give up his interest in the family residence in exchange for a termination of his future child support obligation.

Our review of this case is de novo on the record, but absent an abuse of discretion by the trial court, its decision will be

affirmed on appeal. See *Wulff v. Wulff, supra.*

Kolleen testified that she began noticing changes in the minor child toward the end of 1989, when he was having trouble getting along with friends and continually being expelled from school. The child was diagnosed as having attention deficit disorder and was placed on medication. Counseling was also recommended. After being treated by a psychologist for a year with little success, the minor child began seeing a psychiatrist in Omaha who recommended immediate hospitalization. The child was treated at Richard Young Hospital in Omaha for 30 days. The aftercare treatment program included four types of medication, the continuation of counseling, and periodic blood monitoring. The child required tutoring because he frequently missed school. He continues in counseling two or three times per month. He also attends a specialized learning center because he cannot function in the normal junior high environment.

Reports and letters received from various treating physicians, a school psychologist, and the student services director of the local public school system indicate that the minor child needs continued treatment, medication, and counseling. Although Lynn receives medical insurance through his employment, the minor child cannot be covered because his condition is considered preexisting. Lynn testified that Kolleen initiated the 1982 agreement and that he accepted it because at the time he was unemployed and had no money. The total equity in the house at the time of the dissolution was $11,700.

The child support calculation worksheet offered into evidence at the hearing showed a total monthly income of $3,333 for Kolleen and $1,667 for Lynn. The division of contributions was 65 percent for Kolleen and 35 percent for Lynn. Based on a total of $611 in monthly child support, Kolleen's share of the support according to the guidelines was $397 and Lynn's share was $214.

## ANALYSIS

■■■ We must first determine whether the trial court erred in ordering Lynn to pay support after the earlier modification which was based on a nonconditional stipulation that provided

he would not be required to pay any further support. In order to obtain a modification of the earlier decree, Kolleen has the burden to show that there was a material change of circumstances affecting the best interests of the child. See *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993). The material change of circumstances must have occurred subsequent to the entry of the original decree and must not have been contemplated by the parties when the decree was first entered. *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991).

In determining if a material change of circumstances has occurred, an appellate court considers such factors as a change in the financial resources or ability to pay on the part of the parent obligated to pay support, the needs of the child or children for whom support is paid, a good faith or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent. *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991).

Here, two factors can be considered as material changes. First, the child support guidelines were adopted with an effective date of October 1, 1987, and second, and more importantly, the needs of the minor child have changed. The record supports a finding that the minor child's disability requires the outlay of additional expenses not contemplated by the parties at the time of the original decree or the first modification. The additional expenses were first incurred in 1989, when Kolleen began seeking treatment for the minor child.

Lynn argues that he should not be required to pay child support now because he signed a stipulation releasing him from the obligation. We consider the effect of the stipulation on the current modification request. The Supreme Court has held that "parties to litigation are bound by stipulations voluntarily made and are granted relief therefrom only under exceptional circumstances." *Hickenbottom v. Hickenbottom*, 239 Neb. 579, 582, 477 N.W.2d 8, 11 (1991). In *Hickenbottom*, the court found that the mother had merely changed her mind about the visitation issue and that a mere change of mind is not an exceptional circumstance. In *Martin v. Martin*, 188 Neb. 393,

197 N.W.2d 388 (1972), the Supreme Court ruled that courts will enforce valid stipulations unless some good cause is shown for declining to do so.

◼ We point out that a decree for child support in a divorce case is always subject to review and modification regardless of the particular language of the award. *Shomaker v. Shomaker*, 183 Neb. 609, 163 N.W.2d 102 (1968). Regarding minor children, a decree in a dissolution is never final in the sense that it cannot be changed. *Bartlett v. Bartlett*, 193 Neb. 76, 225 N.W.2d 413 (1975). Here, we find that there are exceptional circumstances which provide good cause for modifying the decree in regard to child support. The minor child's disability was not foreseen at the time of the decree or at the time of the first modification. The expenses incurred in his care and treatment are extensive. By requiring Lynn to contribute to those expenses in the future, the trial court responded to the minor child's needs and his best interests. We find that the court did not err in ordering Lynn to provide future child support.

We then turn to consideration of the amount of child support. Offered into evidence was an income form, identified as a child support calculation worksheet, and the parties' testimony. The form shows total monthly income of $3,333 for Kolleen and $1,667 for Lynn. Lynn testified that he earned $307.25 in net pay per week, which would result in a monthly net income of $1,331. He offered an exhibit which shows an average monthly net pay of $1,229 and monthly expenses of $1,258. He contends that he owes $12,600 on a car loan and $2,000 on a personal note. Kolleen testified that she receives $1,680 every 2 weeks in gross salary, which translates into $3,640 as her monthly gross income. There are no income tax returns in the record.

◼ Our de novo review of the record is qualified by the fact that where there is a conflict in the evidence, weight may be given to the fact that the trial court saw and heard the witnesses and accepted one version of the facts as opposed to the other. *Lauenstein v. Lauenstein*, 241 Neb. 521, 489 N.W.2d 828 (1992). We are unable to determine who completed the income form, but it was received into evidence, and it is clear that the court relied upon that form in determining the amount of child

support payable by each of the parties. Child support payments should be set according to the guidelines established by the Nebraska Supreme Court. The trial court may deviate from those guidelines whenever application of the guidelines in an individual case would be unjust or inappropriate. *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991). We find that the trial court did not abuse its discretion, and we affirm the order requiring Lynn to pay $214 in monthly child support for the minor child.

The next question is whether the trial court erred in ordering Lynn to pay 35 percent of the unreimbursed expenses incurred by Kolleen for the care of the minor child. The court found that Lynn's share was $4,561. Lynn argues that the trial court did not have authority to enter a retroactive judgment which requires him to pay expenses incurred prior to the date the application for modification was filed, May 22, 1991. Many of the expenses for which Kolleen seeks reimbursement were incurred prior to that date. A review of the unreimbursed expenses indicates that the total incurred after May 22, 1991, is $1,701.45.

The general rule in Nebraska is to allow a modification of child support prospectively from the time of the modification order itself. "[W]hen a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, such payments become vested in the payee as they accrue." *Maddux v. Maddux*, 239 Neb. 239, 244, 475 N.W.2d 524, 529 (1991). Since 1939, the Supreme Court has held there is no authority to reduce amounts of child support retroactively. " '[T]he modifying decree relates to the future only and from the time of its entry.' " *Wassung v. Wassung*, 136 Neb. 440, 443, 286 N.W. 340, 342 (1939). Accord *Maddux v. Maddux, supra*.

In *Maddux*, the court noted that it has on occasion, depending upon the equities, approved modification of a child support order retroactive to the filing date of the application for modification. We find that the same rules should apply to an order to pay expenses incurred for the care of the child which have accrued prior to the filing of the application for modification.

The expenses for which Kolleen seeks reimbursement include not only medical bills, but also mileage and meal allowances for trips to Omaha and Council Bluffs, Iowa, for treatment for the minor child. Neb. Rev. Stat. § 42-369(3) (Reissue 1988) provides: "Such an order or decree for support may include the providing of necessary shelter, food, clothing, care, medical attention, expenses of confinement, education expenses, funeral expenses, and any other expense the court may deem reasonable and necessary." Thus, mileage and meals could be included in a support order if the court found such expenses were reasonable and necessary. However, such expenses, whether medical or mileage and meals, cannot be applied retroactively prior to the application for modification of the order for support.

The Nebraska Child Support Guidelines were promulgated by Supreme Court order pursuant to Neb. Rev. Stat. § 42-364.16 (Reissue 1988). Paragraph C of the guidelines, amended December 23, 1992, provides:

The child support guidelines shall be applied as a rebuttable presumption. All orders for child support obligations shall be established in accordance with the provisions of the guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the guidelines should be applied. In the event of a deviation, the reason for the deviation shall be contained in the findings portion of the decree or order; or worksheet 5 should be completed by the court and filed in the court file. Deviations from the guidelines are permissible under the following circumstances:

1. when there are extraordinary medical costs of either parent or child;

2. when special needs of a disabled child exist . . . .

■ As we review the guidelines in conjunction with the applicable sections of the child support statutes, we believe a reasonable interpretation requires us to find that past expenses, such as for medical care and other reasonable and necessary expenses, are to be considered in the modification of the amount of child support payable in the future. Deviations from the guidelines are also permitted "whenever the application of

the guidelines in an individual case would be unjust or inappropriate." Nebraska Child Support Guidelines, paragraph C. Thus, deviation from the guidelines to provide for a percentage of future expenses incurred is permissible in individual cases when strict adherence to the guidelines would be unjust or inappropriate.

Therefore, we find that the trial court's order requiring Lynn to pay a portion of the expenses which were incurred prior to the application for modification was an abuse of discretion by the trial court, and we modify that portion of the award. Our review of the record shows that the unreimbursed medical expenses which were incurred after the application was filed on May 22, 1991, totaled $434.45. Under the circumstances, we think it appropriate that Lynn pay 35 percent of these expenses.

The court found that Kolleen had incurred mileage and other expenses for her trips to Omaha and Council Bluffs for counseling sessions for the minor child. Our review of the record indicates that the total expenses incurred for the trips made after the filing of the application for modification are $1,267. We find under the facts and circumstances of this case that Lynn should pay 35 percent of these expenses for the trips that occurred after the filing of the application for modification.

Lynn urges this court to give him credit for past child support against the equity in the house which he gave up as a condition of the earlier modification. Kolleen testified that the total equity in the house at the time of the dissolution was $11,700, of which Lynn was to receive one-third, or $3,900. We decline to offset this amount against the unreimbursed expenses. Lynn did not pay child support for 9 years under the earlier modification, and he has benefited by not having to pay child support during that time.

The issue of future medical expenses was not addressed by the court. However, at oral argument, the parties agreed that the award of child support was to be in lieu of future medical expenses. We therefore make no finding as to the obligations of the parties regarding future medical expenses for the minor child.

The appellee is granted $500 for the services of her attorney in this court.

The judgment of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.