STATE OF NEBRASKA ON BEHALF OF WHITNEY MATCHETT, A MINOR CHILD, APPELLEE, AND PEGGY MATCHETT, APPELLEE AND CROSS-APPELLANT, V. SCOTT A. DUNKLE, APPELLANT AND CROSS-APPELLEE.

508 N.W.2d 580

Filed December 3, 1993.    No. S-91-1159.

Ronald L. Brown, of Brown & Tripp, Attorneys, P.C., for appellant.

Patrick M. Heng, of Raynor, Rensch & Pfeiffer, for appellee Peggy Matchett.

HASTINGS, C.J., BOSLAUGH, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

The sole issue in this appeal is whether under Neb. Rev. Stat. § 43-1402 (Reissue 1988) a trial court has authority to grant child support retroactive to the date that the mother began supporting a minor child who was born out of wedlock.

This court granted Peggy Matchett, mother of the minor child involved here, further review of the Nebraska Court of Appeals' decision affirming the judgment of the district court which held that it did not have the authority to grant retroactive child support in a paternity action.

We reverse the holding of the Court of Appeals as to that issue and remand the cause to that court with direction to remand the cause to the district court for Douglas County for further proceedings not inconsistent with this opinion.

## FACTS

On February 21, 1990, the State of Nebraska, on behalf of Matchett's minor child, filed a petition in the district court for Douglas County to establish that the appellant, Scott A. Dunkle, is the minor child's natural father. The petition also sought to require Dunkle to pay support for the minor child, who was born March 9, 1988. On her own motion, Matchett was added as a party plaintiff on January 29, 1991. Trial was

had on October 30, 1991. On that date, Dunkle filed an "Objection to Certificate of Readiness for Trial and Trial" and also made an oral motion for a continuance. Both were overruled by the trial court.

At trial, genetic blood-testing results entered into evidence established with 99.84-percent certainty that Dunkle is the child's father. On appeal, Dunkle has not contested the trial court's finding that he is the father of Matchett's child.

Matchett testified at trial that she was requesting child support retroactively to the birth of her child and child-care expenses commencing January 4, 1991. In its decree dated December 26, 1991, the trial court ordered Dunkle to pay $390 per month in child support and $175 per month for child-care expenses commencing November 1, 1991, and to provide health insurance for the child from the date of the decree forward. Dunkle has not challenged these awards on appeal. The trial court specifically declined to award retroactive child support. The court did not award retroactive child-care expenses.

The trial court's overruling of Dunkle's objection to the certificate of readiness for trial and his oral motion for a continuance was appealed by Dunkle to the Court of Appeals. Matchett cross-appealed and assigned as error the trial court's failure to award retroactive child support and child-care expenses. The State did not file a cross-appeal. The Court of Appeals affirmed the judgment of the district court in all respects.

Matchett successfully petitioned this court for further review on the issue of retroactive child support. She has not assigned or argued as error the issue of retroactive child-care expenses, and that issue is not before this court. Dunkle has not petitioned for further review, and therefore, the issues raised by Dunkle in the Court of Appeals are also not before this court.

## MATCHETT'S ASSIGNMENT OF ERROR

In her assignment of error in the Court of Appeals and in this court, Matchett claims that the Court of Appeals and the district court erred in finding that the district court had no authority to award retroactive child support in paternity cases.

## STANDARD OF REVIEW

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Malzahn v. Transit Authority, ante* p. 425, 507 N.W.2d 289 (1993); *Douglas Cty. Bank & Trust v. Stamper, ante* p. 226, 505 N.W.2d 693 (1993).

## RETROACTIVE CHILD SUPPORT

Matchett claims in her brief on cross-appeal and in her petition for further review that she is entitled to retroactive child support from the time of her child's birth, March 9, 1988. The petition filed by the State on behalf of Matchett's child in the trial court prayed for "prenatal, delivery and postnatal medical expenses incurred pursuant to the birth of the child in interest" and "the cost of providing for the physical needs of the child in interest since birth."

The record reflects that the State provided public assistance to Matchett from August 1987 through October 1989, in the amount of $5,094. However, the State did not cross-appeal the district court's failure to award retroactive child support for the period of August 1987 through October 1989. As a matter of fact, the State filed no cross-appeal in the Court of Appeals. At oral argument before the Court of Appeals and also before this court, counsel for Matchett stated that she was requesting child support retroactively only to November 1989, the time when Matchett was no longer on public assistance. See *State on behalf of Matchett v. Dunkle*, 3 NCA 912 (1993). That being true, whether retroactive child support should be granted for the period of March 9, 1988, through October 1989 is not before this court.

On Matchett's motion, the district court ordered that Dunkle pay temporary support for Matchett's minor child during the pendency of Dunkle's appeal, commencing January 1, 1992, in the same monthly amounts as awarded in the decree. Therefore, the period of time at issue in this appeal is only November 1989 through December 1991, a period of 26 months.

Matchett bases her claim to retroactive child support on the

provisions of § 43-1402, which states in part, "The father of a child whose paternity is established either by judicial proceedings or by acknowledgment as hereinafter provided shall be liable for its support *to the same extent and in the same manner* as the father of a child born in lawful wedlock is liable for its support." (Emphasis supplied.)

In affirming the district court's refusal to award retroactive child support, the Court of Appeals stated:

> We believe it is difficult to quibble with the notion that one who fathers a child is the father from the moment of the child's actual birth, not just when a court so decrees. It likewise seems difficult to quibble with the fundamental fairness of the broad concept that fathers should support their out-of-wedlock children from birth. After all, § 43-1402 already *philosophizes* that in-wedlock and out-of-wedlock children are to be supported equally. . . .
>
> However, without a statutory framework such as the [Uniform Parentage Act] to provide guidance, we believe we would be moving out of the judicial sphere and into the legislative realm were we to begin laying down rules for retroactive child support. In our view, the *expression of legislative philosophy* of equal support of in-wedlock and out-of-wedlock children, as found in § 43-1402, requires the passage of "nuts-and-bolts" legislation to implement the *philosophy*.

(Emphasis supplied.) *State on behalf of Matchett v. Dunkle*, 3 NCA at 923-24.

Section 43-1402 is statutory law, not merely an expression of legislative philosophy. "In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning." *In re Application of City of Lexington, ante* p. 62, 67, 504 N.W.2d 532, 536 (1993).

The plain words of § 43-1402 require that an out-of-wedlock child be supported by its father "to the same extent and in the same manner" as a child born in wedlock. A parent is required to provide his or her child with the basic necessities of life. See *In re Interest of C.D.C.*, 235 Neb. 496, 455 N.W.2d 801 (1990).

It is obvious that such a requirement must begin at the time of the child's birth, for it is at that time that a child is most helpless and most dependent upon its parents for the child's very survival. This is true for any child, not just for a child born in wedlock.

When paternity is legally established, there is no rational basis to distinguish the support obligations of a father to a child born out-of-wedlock from the support obligations of a father to a child born in wedlock, and an out-of-wedlock child should be entitled to support from its father from the time of birth under the provisions of § 43-1402. We can perceive of no other way in which an out-of-wedlock child whose paternity is legally established could be supported by its father "to the same extent and in the same manner" as a child born in wedlock.

Matchett, having limited her request for retroactive child support to the time period after her public assistance ceased, is thus entitled to retroactive child support commencing November 1, 1989, and ending December 31, 1991, less credit for any temporary child support Dunkle has paid for that period.

There is some evidence from which Dunkle's gross income for the period from November 1, 1989, to December 31, 1991, can be calculated. The record fails to reflect any evidence for the period of November 1, 1989, to December 31, 1991, from which it can be determined what deductions should be made from Dunkle's gross income before determining the amount of child support Dunkle should pay for the period in question. So that the trial court may comply with Neb. Rev. Stat. § 42-364.16 (Reissue 1988) and the Supreme Court's child support guidelines, this cause should be remanded to the Court of Appeals with direction to remand the cause to the district court for Douglas County for further proceedings solely on the issue of the amount of child support Dunkle should pay for the period of November 1, 1989, to December 31, 1991. Such proceedings shall not be inconsistent with this opinion.

## CONCLUSION

Having concluded that Matchett is entitled to retroactive child support for the period commencing November 1, 1989,

and ending December 31, 1991, less credit for any temporary child support Dunkle has paid for that period, we reverse the decision of the Court of Appeals as to Matchett's right to retroactive child support for the 26-month period. In all other respects, the decision of the Court of Appeals is affirmed. We remand this cause to the Court of Appeals with direction to remand the cause to the district court for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTION.

WHITE, J., participating on briefs.
SHANAHAN, J., not participating.