KEITH D. REDFIELD, APPELLEE, V.
DEBORAH S. REDFIELD, APPELLANT.
572 N.W. 2d 422

Filed December 16, 1997.   No. A-96-1248.

Douglas A. Davidson, of Brooks & Green, P.C., for appellant.

Arlan G. Wine for appellee.

SIEVERS, MUES, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Deborah S. Redfield, now known as Deborah R. Witt, appeals an order of the Hitchcock County District Court awarding Keith D. Redfield a $6,960 credit on his child support obligation. For the reasons set forth herein, we affirm the court's decision.

## STATEMENT OF FACTS

On March 19, 1984, a decree was entered dissolving the marriage of Deborah and Keith. Keith was granted custody of the parties' three minor children: Mitchell, born July 10, 1978; Timothy, born August 2, 1980; and Chancellor, born October 12, 1981. On December 31, 1987, an order was entered modifying the dissolution decree by granting physical custody of the minor children to Deborah with legal custody of the children retained by the court. Keith was ordered to pay $240 monthly in child support ($80 per child per month).

On November 28, 1995, Keith filed a motion to modify the court's order with respect to child support and custody. An amended motion was filed on August 7, 1996, in which Keith sought custody of the minor children and a child support award from Deborah. Additionally, Keith requested that retroactive amendments be made to the custodial and support orders due to changes which had occurred since the 1987 court order. On October 9, 1996, Deborah filed an application for modification of support and visitation and a motion for an order to show cause why Keith should not be held in contempt for failure to pay child support.

A hearing on the application for modification and the motion for an order to show cause why Keith should not be held in contempt was held on November 5, 1996. At the hearing, evidence was adduced that, in December 1992, Chancellor and Timothy left Deborah's custody and control and went to live with Keith. During this time, Chancellor was not living with Keith every day, and Keith testified that Chancellor went "back home" periodically and sometimes stayed with Collie McVickers or Sarah Witt, who, it appears, are relatives of Deborah's residing in Palisade, Nebraska. However, Keith testified that he provided the boys' financial support during the time that they lived with him. Deborah testified that she provided clothing and medical coverage for the boys during the time that they resided with Keith.

In July 1995, Timothy moved to Colorado to live with Keith's sister and remained there until May 1996. During this time, Keith testified that he provided the full amount of his court-ordered support directly to his sister. Chancellor remained with Keith from December 1992 through August 2, 1996. Mitchell remained in Deborah's custody and control except for the period from the end of August 1994 through the first part of July 1995, when he resided with Keith.

On November 18, 1996, the court entered an order finding that the minor children, at one time or another, resided with Keith and that Deborah paid no support for the minor children during that time. Further, the court found that, because Keith had provided support by way of food and shelter, it would be grossly inequitable to allow Deborah to receive support while

the children were in Keith's custody. The court then awarded Keith a $6,960 child support credit for the period of time that the minor children were residing with him. Further, the court found that there was still a large child support arrearage due and owing by Keith to Deborah and that Keith's failure to pay the same was willful and contemptuous. Deborah then filed a timely appeal to this court.

## ASSIGNMENT OF ERROR

Deborah's assignments of error can be consolidated into the following issue: The trial court erred in granting Keith a $6,960 credit toward his child support arrearage.

## STANDARD OF REVIEW

■ In equity actions, an appellate court reviews the factual findings de novo on the record and reaches a conclusion independent of that of the trial court. *Gutierrez v. Gutierrez*, 5 Neb. App. 205, 557 N.W.2d 44 (1996).

## DISCUSSION

The sole issue on appeal is whether the trial court erroneously granted Keith a $6,960 credit toward his child support arrearage.

■ Child support payments become vested in the payee as they accrue, and thus, courts are without authority to reduce the amounts of such accrued payments. *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991); *Rood v. Rood*, 4 Neb. App. 455, 545 N.W.2d 138 (1996); *Robbins v. Robbins*, 3 Neb. App. 953, 536 N.W.2d 77 (1995); *Hoover v. Hoover*, 2 Neb. App. 239, 508 N.W.2d 316 (1993) (court applied rule to unreimbursed medical expenses).

■ Neb. Rev. Stat. § 25-2210 (Reissue 1995) provides in relevant part: "Whenever any judgment is paid and discharged, the clerk shall enter such fact upon the judgment record in a column provided for that purpose." Referring thereto, the Nebraska Supreme Court has long stated: " 'The district court may, on motion and satisfactory proof that a judgment had been fully paid or satisfied by the act of the parties thereto, order it discharged and canceled of record.' " [Citations omitted.]

Referring to the "inherent power of a court to determine the status of its judgments," the court in *Cotton*, 222 Neb. at 306-07, 383 N.W.2d at 740, granted the respondent credits against a judgment for alimony and child support as a result of payments he made directly to the petitioner, rather than, as required by the decree, through the clerk of the court. Similarly, in *Berg, supra,* the Supreme Court affirmed a decision granting a father credit against child support arrearages where the evidence established that two of the children for whom the father was ordered to pay support lived with him for a definite period of time, during which he directly provided for their full support. In both *Cotton, supra*, and *Berg, supra*, the Supreme Court rejected the argument that by granting a credit, it was modifying a previous order of the court.

*Gutierrez*, 5 Neb. App. at 215-16, 557 N.W.2d at 51. Thus, Keith's application for modification of support was in the nature of a request for a credit to his child support arrearage, and this is how the case was tried at the district court level.

We have conducted a de novo review of the evidence adduced and find that there is sufficient evidence to support the trial judge's decision to award Keith a $6,960 child support credit. Consequently, the order of the trial court is affirmed.

AFFIRMED.